# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LISKA,<br><br>　　　　　　　　Petitioner,<br>　vs.<br><br>MARK MACARRO; MARK CALAC; MAR LUKER; JOHN MAGEE; ANDREW MASIIEL; BUTCH MURPHY; and DOES 1 to 50,<br><br>　　　　　　　　Respondents. | CASE NO. 08-CV-1872-IEG (POR)<br><br>**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS AMENDED PETITION**<br><br>[Doc. No. 70] |

Presently before the Court is Respondents' Mark Macarro, Mark Calac, Mar Luker, John Magee, Andrew Masiiel, and Butch Murphy's motion to dismiss Petitioner Joseph Liska's ("Petitioner") Amended Petition.[1]  (Doc. No. 70.)  Petitioner filed an opposition, and Respondents filed a reply.  Oral argument was heard on August 30, 2010.  For the reasons stated herein, the Court GRANTS the motion to dismiss.

## **BACKGROUND**

On October 14, 2008, Petitioner, proceeding *pro se*, filed the original petition, captioned "Complaint [for] Writ of Habeas Corpus."  (Doc. No. 1.)  Petitioner alleged he is a descendant of the Pechanga Band of Mission Indians (the "Tribe"), but not an enrolled member of the Tribe.  The Tribe currently has in place a moratorium on enrolling new members.  The petition named as

---

[1] This document is captioned "Amended Complaint," but for the sake of consistency with the Court's previous orders in this case, it is referred to as the "Amended Petition."

1 respondents Tribe members Mark Macarro, Mark Calac, Mar Luker, John Magee, Andrew
2 Masiiel, Donna Baron, and Butch Murphy.  Petitioner alleged Respondents illegally banished
3 Petitioner from the Tribe without a hearing or due process, in violation of the American Indian
4 Civil Rights Act of 1968 ("ICRA"), 25 U.S.C. §§ 1301, 1302, and 1303.  According to Petitioner,
5 he is entitled to be recognized as a member of the Tribe, share in the Tribe's trust proceeds, and
6 enter the reservation to visit his father's grave.

7     On June 25, 2009, Respondent Donna Baron ("Baron") filed a motion to dismiss the
8 petition.   At that time, Baron was the only party whom Petitioner served with the petition.  On
9 August 5, 2009, the Court granted Baron's motion to dismiss for lack of personal jurisdiction, and
10 alternatively for failure to state a claim under Rule 12(b)(6).

11     On June 18, 2010, Petitioner filed an Amended Petition against the same respondents as in
12 the original petition, with the exception of Baron.[2]  The Amended Petition alleges the same
13 conduct as the original petition, but also describes an incident on May 19, 2005 where men came
14 to Petitioner's home, pounded on his door, and put banishment flyers on his cars.  Petitioner
15 alleged this was "reckless conduct" and he felt like he was being warned to cease protesting
16 against the Tribe's enrollment policies.  The Amended Petition sets forth three claims: (1)
17 violation of ICRA, 25 U.S.C. §§ 1301, 1302, 1303; (2) "conspiracy against rights" in violation of
18 18 U.S.C. § 241, and (3) violation of the Indian Child Welfare Act, 25 U.S.C. § 1901 *et seq*.
19 Petitioner seeks punitive damages, compensatory damages, fourteen years of back pay or trust
20 proceeds, as well as orders vacating his alleged criminal and civil convictions by the Tribe and
21 vacating his banishment from the Tribe.  Petitioner also filed a request for the U.S. Attorneys
22 Office to oversee this case. (Doc. No. 82.)

23     On July 19, 2010, Respondents filed this motion to dismiss under Federal Rules of Civil
24 Procedure 12(b)(1), 12(b)(2), and 12(b)(6).  Respondents argue the Amended Petition should be
25 dismissed for the same reasons the Court previously dismissed the original petition in the August
26 5, 2009 Order.

27 //

28

---

[2] The parties agreed Petitioner could file an Amended Complaint.  (Doc. No. 63.)

**DISCUSSION**

**I.      Motion to Dismiss for Lack of Personal Jurisdiction**

Respondents move the Court to dismiss the ICRA claims as to Respondent John Magee for lack of personal jurisdiction under Rule 12(b)(2). Respondents assert that because Respondent John Magee is indisputably no longer a member of the Tribal Council, he is not a proper party. The Court agrees.

Petitioner brings his ICRA claims relating to his alleged banishment via a petition for writ of habeas corpus under ICRA, 25 U.S.C. § 1303.[3] The ICRA guarantees certain rights that are similar but not identical to those in the Bill of Rights and the Fourteenth Amendment. 25 U.S.C. §§ 1301-1303; Poodry v. Tonawanda Band of Seneca Indians, 85 F.3d 874, 881-82 (2d Cir.1996), *cert. denied*, 519 U.S. 1041 (1996). A petition for writ of habeas corpus under § 1303 is the only avenue for relief for a violation of the ICRA. Boozer v. Wilder, 381 F.3d 931, 934 (9th Cir. 2004). Section 1303 provides, "[t]he privilege of the writ of habeas corpus shall be available to any person, in a court of the United States, to test the legality of his detention by order of an Indian tribe." 25 U.S.C. § 1303.

As the Court previously noted in its August 5, 2009 Order dismissing the original petition, when a habeas corpus petition fails to name a proper respondent, federal courts lack personal jurisdiction.[4] See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). The proper respondent in a federal habeas corpus petition is the petitioner's immediate custodian. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992). However,

---

[3] Petitioner's claims under Sections 1301 and 1302 are subsumed within the writ of habeas corpus. Section 1301 merely provides the definitions of various terms of the ICRA. Section 1302 sets forth substantive rights under the ICRA, but does not provide a cause of action. Petitioner alleges the following conduct violates § 1302: (1) he was denied his right to a trial, was not informed of any specific charges, not allowed to confront witnesses or produce witnesses, and was not afforded assistance of counsel; (2) the Tribe inflicted cruel and unusual punishment; (3) he was denied property without due process; and (4) the Tribe interfered with his right to assemble peaceably, to petition for redress, and his freedom of speech.

[4] Although there is no case holding that failure to name the proper respondent in a § 1303 habeas corpus petition defeats personal jurisdiction, the Court finds this rule is nonetheless applicable because courts deciding § 1303 claims frequently draw on principles of analogous habeas statutes. The Second Circuit has notably held that "the legislative history [of the ICRA] suggests that § 1303 was to be read coextensively with analogous statutory provisions [regarding the scope of federal habeas review]," and that "[c]ourts . . . appear to look to the development of law under 28 U.S.C. § 2254 for guidance as to whether habeas relief is available in such matters under § 1303." Poodry, 85 F.2d at 891-92.

1  "[a]s the 'custody' requirement has expanded to encompass more than actual physical custody, so
2  too has the concept of a custodian as a respondent in a habeas case." Poodry, 85 F.3d at 899.
3  Therefore, even if a habeas corpus petitioner under § 1303 is not in actual physical custody he may
4  still "'name as respondent someone (or some institution) who has both an interest in opposing the
5  petition if it lacks merit, and the power to give the petitioner what he seeks if the petition has
6  merit–namely, his unconditional freedom.'" Poodry, 85 F.3d at 899 (citation omitted); see also
7  Armentero v. I.N.S., 340 F.3d 1058, 1064 (9th Cir. 2003)) (finding the petitioner had correctly
8  named tribal council members as respondents in § 1303 matter because they were empowered to
9  end the petitioner's restraint by overturning or ceasing to enforce the relevant banishment order).
10         Here, the Amended Petition names as respondents several enrolled members of the Tribe,
11 who "all are General Members of the Council (Tribal Council) except John Magee." (Amended
12 Petition ¶ 4.) Respondents submit, and Petitioner does not dispute, that only the Tribal Council
13 has the authority to offer Petitioner the requested relief from the alleged "detention and restraint on
14 his liberty." Because Respondent John Magee is not a member of the Tribal Council, he cannot
15 provide Petitioner his requested relief under the ICRA. The ICRA claim is therefore dismissed as
16 to Respondent John Magee.

17 **II.      Motion to Dismiss for Lack of Subject Matter Jurisdiction**

18         Respondents contend the Court lacks subject matter jurisdiction over Petitioner's claim for
19 habeas corpus. As discussed previously, the substantive guarantees of the ICRA may only be
20 enforced via a writ of habeas corpus under § 1303.
21         The Ninth Circuit has instructed that federal courts have no jurisdiction to hear a claim for
22 habeas corpus under § 1303 unless both (1) the petitioner is in custody, and (2) the petitioner first
23 exhausts tribal remedies. Jeffredo v. Macarro, 599 F.3d 913, 918 (9th Cir. 2010). For purposes of
24 habeas corpus, a person is in detention or custody when severe restraints are imposed upon the
25 person's liberty. Hensley v. Municipal Court, 411 U.S. 345, 351 (1973). Over the years, courts
26 have expanded the scope of the term "custody" to cover "circumstances [that] fall outside
27 conventional notions of physical custody." Edmunds v. Won Bae Chang, 509 F.2d 39, 40 (9th Cir.
28 1975). For example, courts have held that permanent banishment constitutes detention. See

1  Poodry v. Tonawanda Band of Seneca Indians, 85 F.3d 874, 879 (2d Cir. 1996) (holding the
2  stripping of petitioners' tribal membership and imposition of a sentence of "permanent
3  banishment" was sufficiently severe to constitute detention for purposes of § 1303).

4  Here, Petitioner was excluded from the reservation as a result of his attempt to enter the
5  reservation without permission.  Respondents submit the "Notice of Exclusion" issued to
6  Petitioner on May 19, 2005, as well as the Tribe's "Exclusion and Eviction Regulations"
7  applicable to non-members.  (Declaration of Mark Macarro in Supp. of Mot. to Dismiss ("Macarro
8  Decl."), Exs. 2-3.)  Respondents explain that banishment, in contrast to exclusion, is typically a
9  punishment reserved for members of the Tribe.  As Respondents argue, the exclusion of Petitioner,
10 a non-member and non-resident of the Tribe, does not constitute a severe restraint upon
11 Petitioner's liberty, so as to be in "detention or custody" for purposes of habeas corpus.  See
12 Hensley, 411 U.S. at 351.  In fact, Ninth Circuit authority establishes that "[i]n the absence of
13 treaty provisions or congressional pronouncements to the contrary, the tribe has the inherent power
14 to exclude non-members from the reservation."  Quechan Tribe of Indians v. Rowe, 531 F.2d 408,
15 410 (9th Cir. 1976).  Petitioner points to no authority to the contrary.

16 The Ninth Circuit case Petitioner relies on, Jeffredo v. Macarro, 599 F.3d 913, does not
17 compel a different result.  In Jeffredo, the petitioners, who were disenrolled as members of the
18 Tribe but still resided on the reservation, were denied access to certain facilities, including the
19 Tribe's senior center, health clinic, and school.  Id. at 919.  The Ninth Circuit affirmed the
20 dismissal of the petition for habeas corpus under the ICRA, because petitioners did not suffer a
21 "severe actual or potential restraint on liberty to give rise to requisite 'detention.'"  Id.  The Ninth
22 Circuit noted petitioners had not been banished from the reservation, and had never been arrested,
23 imprisoned, fined, or otherwise held by the Tribe.  Id.  Thus, Jeffredo is inapplicable to the
24 situation in this case – specifically, the exclusion of a non-member of the Tribe, who does not
25 reside on the reservation.

26 Finally, at oral argument, Petitioner asserted the Tribe treated him as a member of the
27 Tribe when it subjected him to criminal proceedings for trespass.  However, Petitioner makes no
28 showing that he was subjected to criminal proceedings by the Tribe.  According to Respondents,

Petitioner was at most only subject to civil proceedings for trespass, which are within the Tribe's jurisdiction. The documents submitted by Respondents in support of the motion to dismiss support their position. In his declaration, Respondent Mark Macarro, Chairman of the Tribe, states the Tribe does not exercise criminal authority, Petitioner has never been subject to any criminal proceeding of the Tribe, and the County of Riverside is responsible for dealing with all crimes committed on the reservation. (Macarro Decl. ¶¶ 18-19). In addition, the May 19, 2005 Notice of Exclusion states that Petitioner's attempts to enter the reservation without permission "constitute trespass and public nuisance within the meaning of those terms as assigned by tribal custom and tradition," and Petitioner is excluded from the reservation as a result. (Macarro Decl., Ex. 3). The Notice of Exclusion, however, does not impose any criminal punishment.

Accordingly, this Court has no jurisdiction to hear Petitioner's claim for writ of habeas corpus under § 1303. Petitioner's claims under the ICRA are therefore dismissed with prejudice.

### III.    Motion to Dismiss for Failure to State a Claim

#### A.    Conspiracy

In the Amended Petition, Petitioner alleges a "conspiracy against rights" in violation of 18 U.S.C. § 241. Petitioner alleges the Tribal Council conspired to put a moratorium on enrollment so that they could retain control over the Pechanga government. As Respondents argue, however, that statute is a criminal statute that does not provide a private right of action.[5] Therefore, Petitioner fails to state a claim under 18 U.S.C. § 241. This cause of action is dismissed with prejudice.

---

[5] Title 18 U.S.C. § 241 provides in full:
> If two or more persons conspire to injure, oppress, threaten, or intimidate any person in any State, Territory, Commonwealth, Possession, or District in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same; or
>
> If two or more persons go in disguise on the highway, or on the premises of another, with intent to prevent or hinder his free exercise or enjoyment of any right or privilege so secured--
>
> They shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, they shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death.

### B. Indian Child Welfare Act

The Amended Petition also asserts a claim under the Indian Child Welfare Act ("ICWA"), 25 U.S.C. § 1901 *et seq*. Petitioner alleges he "can sue to uphold the enforcement of the Indian Child [W]elfare Act [sic] the court can insert a private right of action." (Amended Petition ¶ 19.) Petitioner alleges he was given up through adoption and has "the right to return and make sure his tribal ties are not terminated." (Amended Petition ¶ 19.) Respondents argue the ICWA does not provide a private right of action against an Indian tribe, provide Petitioner with any "right to return," or abrogate tribal sovereign immunity.

Petitioner cannot state a claim under the ICWA. The purpose of ICWA is to rectify state agency and court actions that result in the removal of Indian children from their Indian communities and heritage. Doe v. Mann, 415 F.3d 1038, 1047 (9th Cir. 2005). "'At the heart of ICWA' lies a jurisdictional scheme aimed at ensuring that tribes have a role in adjudicating and participating in child custody proceedings involving Indian children domiciled both on and off the reservation." Id. at 1049. The ICWA contains provisions granting Indian tribes jurisdiction in child custody matters involving Indian children. 25 U.S.C. § 1911. The ICWA also sets out substantive provisions to be applied in pending court cases involving adoption or foster care placement of Indian children or the termination of parental rights. Id. §§ 1915, 1912. In addition, the ICWA allows any Indian child, parent, or Indian custodian to petition the courts to invalidate foster care placement or termination of parental rights under state law. Id. § 1914.

Because none of these situations is applicable here, the Amended Petition fails to state a claim under this statute. This cause of action is therefore dismissed with prejudice.

### IV. Petitioner's Request for the Involvement of the U.S. Attorneys

Petitioner's request for the U.S. Attorneys Office to oversee this case, under 25 U.S.C. § 175, is denied. (Amended Petition ¶ 18.) Title 25 U.S.C. § 175 provides: "In all States and Territories where there are reservations or allotted Indians the United States Attorney shall represent them in all suits at law and in equity." The Ninth Circuit, however, has held that this provision is not mandatory. U.S. v. Gila River Pima-Maricopa Indian Cmty., 391 F.2d 53, 56 (9th Cir.1968); see also Siniscal v. U.S., 208 F.2d 406, 410 (9th Cir. 1954). Petitioner asserts he has delivered his request for representation to the U.S. Attorneys Office. It is now in the U.S.

Attorney's discretion whether to exercise its authority under the statute. See <u>Salt River Pima-Maricopa Indian Cmty. v. Ariz. Sand & Rock Co.</u>, 353 F. Supp. 1098, 1099-1100 (D.C. Ariz. 1972).

## CONCLUSION

Accordingly, the Court GRANTS Respondents' motion to dismiss.

1. The Rule 12(b)(2) motion to dismiss the claim for lack of personal jurisdiction is GRANTED WITH PREJUDICE as to Respondent John Magee, with respect to Petitioner's claims under the ICRA.

2. The Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is GRANTED WITH PREJUDICE as to Petitioner's claims under the ICRA.

3. The Rule 12(b)(6) motion to dismiss for failure to state a claim is GRANTED WITH PREJUDICE as to the remainder of Petitioner's claims under 18 U.S.C. § 241 and the Indian Child Welfare Act, 25 U.S.C. § 1901 *et seq*.

4. Petitioner's request for the U.S. Attorneys Office to oversee this case, under 25 U.S.C. § 175, is DENIED.

The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

**DATED: September 17, 2010**

*[signature]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**